**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jack W. SHEPHERD, Defendant–Appellant.**

**No. SD 31778.**

Missouri Court of Appeals, Southern District, Division One.

May 21, 2013.

Chris Koster, Atty. Gen., Evan J. Buchheim, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, J.

Jack W. Shepherd ("Appellant") was charged by information with child molestation in the first degree, in violation of 566.067.1, RSMo Cum.Supp.2006, and, as required by the elements of that offense, the State's theory of prosecution during the evidentiary portion of the trial was that Appellant touched the genitals of a two-year-old child ("Child").[1] Following the close of all the evidence, the State requested permission to amend the information to add a second count charging sexual misconduct involving a child in that Appellant "knowingly induced [Child] ... to expose [Child's] genitals," a violation of section 566.083.1(3). Over Appellant's objection that the requested amendment was improper and would violate his right to due process, the trial court granted the State's request and subsequently instructed the jury on both offenses. Appellant was found guilty by the jury of sexual misconduct involving a child, in violation of section 566.083.1(3), and was acquitted by the jury of child molestation in the first degree. Following the jury's verdicts, the trial court sentenced Appellant to seven years in the Department of Corrections.

Appellant appeals and raises two points—first, the trial court erred in permitting the State to amend the information after the close of all the evidence because the amendment violated his right to due process, and, second, the evidence was insufficient to permit a reasonable juror to find beyond a reasonable doubt that Appellant "knowingly induced [Child] ... to expose [Child's] genitals." We agree with Appellant's first point, vacate the judg-

Craig A. Johnston, Columbia, MO, for Appellant.

1. All references to statutes are to RSMo, Cum. Supp.2008, and all rule references are to Missouri Court Rules (2013), unless otherwise specified.

ment of the trial court and direct the trial court to quash (or dismiss) the second amended information as an impermissible pleading in this case.[2]

### Facts and Procedural History

Child was born January 20, 2006, and was two years old at the time of the alleged touching. On November 19, 2008, Child's mother ("Mother"), Child, and Child's infant half-sibling were staying at the house of Child's maternal grandmother ("Grandmother") in Sunrise Beach. That day, Mother traveled to Jefferson City for medical appointments for herself and the infant. Mother left Child at Grandmother's house in the care of a woman that Mother knew while Mother was gone. The woman lived with Appellant, and the woman and Appellant had a young daughter together. The woman sometimes tickled Child by pressing on his belly button and saying "beep, beep." The woman played "beep, beep" with Child on the day in question. The woman never observed Appellant play "beep, beep" with Child.

Appellant was present during a portion of the time the woman provided care for Child, and spent some time alone with Child in Child's "bedroom." Appellant was alone in the house with Child for "[a]bout 20 minutes" when the woman left to pick up her daughter from preschool.

When Mother returned to Grandmother's house, Appellant was at the house. Appellant was in the "play room" with Child, and the woman was in the "living room." The woman's and Appellant's daughter also was at the house. Appellant, the woman, and their daughter then left Grandmother's house.

A short time later on the way to the grocery store, Child told Mother words to the effect "him and [Appellant] had watched some movies and that they played a Pee Pee game." At that point, Mother "really didn't react. I was driving and I, you know, I didn't understand what he was trying to say."

Later that evening when Grandmother arrived home from work, Child told Grandmother "[Appellant] and I played a Pee Pee game," and began moving his hand back and forth over his clothing "by his genitals." Grandmother "got mad at [Mother] and said that she thought something might have happened and that I don't listen to my son." Mother then gave Child a bath, and Child told Mother "[Appellant] had touched his pee pee." Mother "really still didn't understand, you know, what he was trying to say to me"[3] Mother then dressed Child, and subsequently attempted to talk with Child further and asked him what he meant by his statement. Mother testified that Child eventually said, "I'll just show you, mom," and then proceeded to take off his pajamas and diaper and begin stroking his penis with his hand. Child told Mother "that's what him and [Appellant] had done. [Appellant] had showed [Child]." Child then repeated his demonstration for Mother and the father of Child's infant half-sibling. Mother then went to tell Grandmother what happened and Grandmother called "911."

After November 19, 2008, Child regressed in his potty training and occasionally would stroke his penis in the bathtub and "talk about it." Child had pulled on his penis in the bathtub before November

---

**2.** It is not necessary to address Appellant's second point.

**3.** Mother testified that she could understand Child's speech, but "[i]t was just hard for me to understand what he was trying to tell me" because she "had a hard time wrapping [her] mind around" Child's comments.

19, 2008, but "it just got out of control" after November 19, 2008.

On November 20, 2008, Child was interviewed at Kids Harbor. Kids Harbor is a child advocacy center that provides interviews of children by persons "especially trained to deal with children." The interviewer at Kids Harbor was unable to establish a rapport with Child or get Child to talk, and ended the interview shortly after it began. During the interview, Child was shown two pictures—one of a boy and one of a girl. When asked which of these pictures "is like" you, Child selected the picture of the girl. A recording of the interview was played for the jury.

A pull-up diaper or diapers and tissue paper were seized from Grandmother's home by law enforcement on November 19 or 20, 2008. Although the tissue paper was examined at a Missouri State Highway Patrol crime laboratory, "semen" was not detected on the tissue paper.

Appellant was subsequently arrested and charged by complaint with child molestation in the first degree, in violation of section 566.067, in that he subjected Child to "sexual contact." This charge was repeated in an information filed January 27, 2009.

A jury trial was held two and a half years later. Before selection of the jury, the trial court conducted a pretrial hearing, pursuant to section 491.075, and determined that Mother and Grandmother would be allowed to testify as to Child's statements to them. Following a recess and still before selection of the jury, the information was amended to allege that Appellant was a prior offender. The trial court conducted a hearing and found that Appellant was a prior offender in that he pleaded guilty to crimes in 1991.

In voir dire, the prosecuting attorney noted that "specifically it's alleged that [Appellant] touched the genitals of an almost three year old." And, in his opening statement, the prosecuting attorney told the jury "I will ask you to find [Appellant] guilty of what he is charged with and that is child molestation in the first degree." In his opening statement, defense counsel stated:

> [T]here's a question as to whether or not the evidence will show whether there was a discussion about Pee Pee Game or whether there was a statement about play with pee pee. And you will have an opportunity to hear that testimony and evidence and decide which of those two statements is the most accurate. [Grandmother] will talk about how she had heard [Mother] say something to [Child], saying about Pee Pee Game, not play with pee pee. And we believe that there's some question later that [Mother] also remembered Pee Pee Game, which is why she was confused as to what [Child] was talking about.

At trial, Child attempted to testify, but was unable to remember any facts about the crime Appellant was charged with committing, or identify or remember Appellant, and did not "know the difference between telling the truth and telling a lie."

After the close of all the evidence, the State requested permission to amend the information to add a second count. The second count charged Appellant with sexual misconduct involving a child by coercion, in violation of section 566.083.1(3), in that Appellant "knowingly induced [Child] ... to expose [Child's] genitals." Appellant objected to the amendment because it was "improper" and violated his "right to due process." The trial court granted the State permission to amend the information as requested. Appellant waived formal reading of the second amended information and entered a plea of not guilty to

each count of the second amended information.

The trial court instructed the jury on the new Count Two. Instruction No. 5 provided in part that Counts One and Two "are made in the alternative and in effect allège that [Appellant] either committed one of the offenses or the other. Each count must be considered separately. You may find [Appellant] guilty of one of the offenses submitted to you but you should not find him guilty of more than one of them, or you may find him not guilty of any of the offenses charged." Instruction No. 6 provided that one of the essential elements of Count One (child molestation) was that Appellant "touched the genitals" of Child. Instruction No. 8 provided that one of the essential elements of Count Two (sexual misconduct) was that Appellant "knowingly induced [Child] to expose [Child's] genitals by playing a game with [Child]."

In closing argument, the prosecuting attorney told the jury:

> Now, because of the evidence in this case and how it came out and because there is at least some question, there is an alternative instruction in here, Instruction Number 8. If for some reason you find that, oh, let's say, you don't find that the evidence is sufficient to say that [Appellant] touched [Child's] genitals, actually physically touched them, then go to this one. If you do not find him guilty under Instruction 6, then you must consider whether there is sexual misconduct involving inducement under this instruction.
>
> Works a lot the same way. First the date, the place, in this case you have to look at and to discuss and decide among yourselves whether or not [Appellant] knowingly induced [Child] to expose his genitals by playing a game with [Child], in this case, the pee pee game. What

this requires is that [Appellant], having induced [Child] to remove his pants to expose his genitals. Doesn't require any touching of his genitals.

> As I said, if you don't find or you have difficulty finding that [Appellant] actually touched [Child's] genitals, this would still be a crime by inducing him to expose himself to [Appellant].... The second part of this is that [Appellant] did so, again, for the purpose of arousing the sexual desire of [Appellant]; third, that [Child] was two years old at the time and fo[u]rth, that [Appellant] knew [Child] was less than 15 years.

On the returned Instruction No. 6 (i.e., the verdict director for Count One (child molestation)), the phrase "touched the genitals" was underlined in the first element, and the word "No" was written near that underlined phrase.

In his first point relied on, Appellant claims the trial court "abused its discretion" in granting the State permission to file an amended information following the close of all the evidence because the second amended information added a different offense and, as a result, violated his right to due process. We agree and vacate the judgment of the trial court.

### Standard of Review

■ We review a trial court's grant of permission for the State to file an amended information for an abuse of discretion. *State v. Talley*, 258 S.W.3d 899, 909 (Mo. App. S.D.2008); *see also State v. Seeler*, 316 S.W.3d 920, 925, 927, 922–23, 925–27 (Mo. banc 2010) (same standard in the context of the substitution of an information for an indictment after the close of the State's evidence where the information did not charge a different offense but prejudiced the defendant because it changed the State's "factual theory in the midst of a trial").

## Analysis

■ Until the State filed the second amended information following the close of all the evidence, Appellant was charged solely with child molestation in the first degree, in violation of section 566.067, in that he subjected Child to "sexual contact." Sexual contact means:

> any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person[.]

Section 566.010(3), RSMo Cum.Supp.2006. The State's theory of prosecution during the evidentiary portion of the trial was that Appellant "touched" Child's penis. Based on defense counsel's opening statement and questions to witnesses, Appellant's defense during the evidentiary portion of the trial was that Mother and Grandmother mistakenly converted Child's statements that he played a "Pee Pee Game" into statements that Appellant "play[ed] with [Child's] Pee Pee."

Following the close of all the evidence, the State sought permission to amend the information to add a second charge—sexual misconduct involving a child by coercion, in violation of section 566.083, in that Appellant "knowingly induced [Child] . . . to expose [Child's] genitals." Over Appellant's objection that adding the second charge and instructing the jury on that charge was improper and violated his right to due process, the trial court granted the State permission to file the second amended information and instructed the jury on both charges in effect as though the second charge was a lesser included offense of the first charge.

By its verdict that Appellant was not guilty of child molestation, the jury specifically rejected the State's theory of prosecution during the evidentiary portion of the trial.

Our Supreme Court recently noted:

> [a] charging document satisfies the guarantees of the Fifth and Sixth Amendments "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (internal citations omitted). "Every information or indictment puts the defendant on notice, for due process purposes, of all offenses included in the offense charged." *State v. Hibler*, 5 S.W.3d 147, 150 (Mo. banc 1999). A criminal defendant, "as a matter of due process, is entitled to notice of the charges against him and may not be convicted of any offense of which the information or indictment does not give him fair notice." *State v. Goddard*, 649 S.W.2d 882, 889 (Mo. banc 1983).

*State v. Miller*, 372 S.W.3d 455, 466 (Mo. banc 2012). The Supreme Court further stated in *Miller* that:

> "It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[A] person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." *Id.*

*Id.* at 467.[4]

As the State acknowledges in its brief, sexual misconduct involving a child is not a

---

4. We also note that Rule 23.08 (effective January 1, 2003), which provides in relevant part

lesser included offense of child molestation in the first degree because sexual misconduct "is [not] established by proof of the same or less than all the facts required to establish the commission of" child molestation in the first degree. Section 556.046.1(1); *State v. Cowles*, 203 S.W.3d 303, 307–08 (Mo.App. S.D.2006);[5] *see also State v. Smith*, 242 S.W.3d 735, 742, 737 n. 1 (Mo.App. S.D.2007) (offenses that have different elements are different offenses under Rule 23.08). In the circumstances of this case, child molestation in the first degree requires proof a defendant "touch[ed]" a child's "genitals" while sexual misconduct involving a child requires proof a defendant "[k]nowingly coerce[d] or induce[d] a child ... to expose the child's genitals." Sections 566.067.1 (child molestation in the first degree), 566.010(3) (definition of sexual contact), and 566.083.1(3) (sexual misconduct involving a child).

In *State v. Bouse*, 150 S.W.3d 326, 330, 329–32 (Mo.App. W.D.2004), the Western District indicated that "expose" as used in the statute that defines the crime of sexual misconduct involving a child means to "lay open to view," exhibit or display. It obviously is possible to touch a child's genitals without the child also displaying the child's genitals (e.g., touching under or over the child's clothing or under bedding). Sexual misconduct involving a child clearly is not a lesser included offense of child molestation in the first degree, and the two of-

fenses clearly are different offenses under Rule 23.08.

As a result, the amendment of the information following the close of all the evidence to add a second offense of sexual misconduct and the instruction of the jury on that offense allowed the jury to find Appellant guilty of an offense for which he was not tried and for which he was not given fair notice or a meaningful opportunity to defend in violation of his right to due process. The trial court abused its discretion in permitting the amendment and instructing on the added offense.

In view of the fact that the charge and submission to the jury of sexual misconduct violated Appellant's right to due process, we vacate the judgment of the trial court, remand the case to the trial court and direct it to take two actions. First, the trial court should quash (or dismiss) the second amended information as an impermissible pleading in this case. *See State v. Thompson*, 392 S.W.2d 617, 622 (Mo.1965) (reversal of judgment and remand with directions that the trial court "quash (or dismiss) the amended information" in the context of an amendment of the information that violated the predecessor of Rule 23.08 and section 545.300, RSMo 1959); *State v. Cowles*, 203 S.W.3d 303, 308, 305 n. 1, 307–08, 313 (Mo.App. S.D.2006) (conviction for child molestation in the first degree "reversed and vacated"

that "[a]ny information may be amended or an information may be substituted for an indictment at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced," "implicitly recognizes a due process requirement." *State v. Harris*, 873 S.W.2d 887, 889 (Mo.App. E.D. 1994).

5. In *Cowles*, we "reversed and vacated" on plain error review a conviction for an uncharged offense that the trial court erroneous-

ly instructed the jury on as a lesser included offense. In doing so, we stated:

The present situation is "a classic example of 'manifest injustice' or 'miscarriage of justice' which falls within the perimeters of 'plain error' contemplated by [Rule 30.20]." *State v. Gant*, 586 S.W.2d 755, 762 (Mo. App.1979) (holding that it is "elementary law that an accused cannot be charged with one offense and convicted of another"). *State v. Cowles*, 203 S.W.3d at 308.

because child molestation not charged and not a lesser included offense of the charged, but acquitted, offense statutory rape in the first degree). Second, the trial court should enter a new judgment in accordance with the jury's verdict of not guilty upon the offense of child molestation in the first degree as solely charged in the first amended information and submitted to the jury as Count I. *See* Rule 29.07(c).

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., concur.