

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD75582 |
| | ) | |
| v. | ) | OPINION FILED: February 25, 2014 |
| | ) | |
| MAURA CELIS-GARCIA, | ) | |
| | ) | |
| Appellant. | ) | |

### Appeal from the Circuit Court of Clay County, Missouri
The Honorable Larry D. Harman, Judge

Before Division Two: Gary D. Witt, Presiding Judge, Lisa White Hardwick, Judge and
Alok Ahuja, Judge

Maura L. Celis-Garcia was convicted in the Circuit Court of Clay County of ten counts of statutory sodomy in the first degree under section 566.062,[1] six counts of child molestation in the first degree under section 566.067, and one count of statutory rape in the first degree under section 566.032 for actions against her two daughters. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

This appeal arises after the third trial of Appellant Maura L. Celis-Garcia ("Celis-Garcia") for statutory sodomy, sexual molestation, and statutory rape of her two

---

[1] All statutory references are to RSMo 2000 as currently supplemented unless otherwise indicated.

daughters, K.J. and C.J., who were approximately ages eight and six at the time they were removed from the home. Celis-Garcia was alleged to have acted in concert with her boyfriend (later husband), Jose F. Flores ("Flores"), who was at one time a co-defendant but tried separately.

In September 2007, the jury in Celis-Garcia's first trial deadlocked and a mistrial was declared. Celis-Garcia was convicted by a jury in her second trial but that conviction was reversed due to instructional error. *State v. Celis-Garcia*, 344 S.W.3d 152 (Mo. banc 2011). This appeal arises from Celis-Garcia's second conviction (after her third trial), which concluded in 2012. Because the facts giving rise to the conviction at bar are substantially the same as in Celis-Garcia's second trial and because the issue of sufficiency of the evidence is not raised on appeal, we refer the reader to that published opinion for its recitation of the general facts, which are supplemented here as necessary. *Id.*

In the case at bar, the court sentenced Celis-Garcia, consistent with the recommendations of the jury, to life imprisonment on each of the ten counts of statutory sodomy in the first degree under section 566.062, to fifteen years' imprisonment on each of six counts of child molestation in the first degree under section 566.067, and to life imprisonment on the one count of statutory rape in the first degree under section 566.062. The first two life sentences for statutory sodomy, the life sentence for statutory rape, and the two child molestation sentences were ordered to run consecutively to the others, which were to run concurrently, for a total of three consecutive life sentences plus thirty years.

## ANALYSIS

Celis-Garcia brings three points on appeal. In her first point, she argues that the trial court abused its discretion by failing to grant her second pre-trial motion for an amended bill of particulars. In her second point, she asserts plain error in the admission of K.J.'s and C.J.'s videotaped deposition testimony. In her third point, she asserts plain error and abuse of discretion in the admission of the testimony of several witnesses and the videotaped forensic interview of K.J.

### Point I

We first address Celis-Garcia's assertion of error regarding the trial court's failure to grant her second pre-trial motion for an amended bill of particulars in violation of Rule 23.04,[2] her rights to due process, to be informed of charges against her, to present a defense, and to a fair trial. Celis-Garcia contends that "the Superceding Indictment and Bill of Particulars failed to sufficiently inform her of a more specific time and date of the charges which would have enabled her fully and completely to investigate charges to prepare a defense."

Celis-Garcia filed two motions requesting a bill of particulars, the first of which resulted in bill of particulars from the State that included an eighteen-month time frame within which the seventeen charges were alleged to have occurred. It also provided the particular room in the home and the particular area of each child's body that was violated during each charged event. In Celis-Garcia's second motion for a bill of particulars, she sought additional specificity, *inter alia*, about "the date and time of the offenses." The

---

[2] All rule references are to Missouri Court Rules 2013 unless otherwise indicated.

second motion was never noticed up for a hearing and therefore never ruled upon by the trial court; Celis-Garcia did not press the motion, and the State did not respond. Celis-Garcia alleges error on appeal only with regard to the lack of a more specific time frame of when each event in the charged activity occurred, and we confine our analysis to that argument pursuant to Rule 84.04.

## Standard of Review

The State correctly contends that Celis-Garcia failed to preserve this issue by not pressing for a ruling from the trial court. Motions before a trial court are not self-executing and it is the obligation of the party who files the motion to notice it up for a hearing or otherwise bring it to the trial court's attention. "In order for a reviewing court to rule on an alleged defect . . ., the objecting party must bring the defect to the court's attention so that the court has the opportunity to take remedial action." *State v. Smith*, 11 S.W.3d 733, 738 (Mo. App. E.D. 1999) (citation omitted). "A trial court cannot be faulted for not taking action it was never asked to take." *Id*. This applies to a motion for a bill of particulars pursuant to Rule 24.04(b)(4), which requires that pre-trial motions be heard before trial on application of the State or the defendant unless trial court orders otherwise. *State v. Raines*, 748 S.W.2d 865, 869 (Mo. App. S.D. 1988) (holding that defendant's failure to notice up second motion for a bill of particulars waived any claim of error pursuant to Rule 24.04(b)(4)).

In this matter, Celis-Garcia thus abandoned the motion by failing to properly bring it before the court for a ruling and it is therefore not preserved. "Non-preserved issues

4

are reviewed for plain error, if the error resulted in manifest injustice or a miscarriage of justice." *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009) (citation omitted).

> Plain error review is used sparingly and is limited to those cases where there is a clear demonstration of manifest injustice or miscarriage of justice. Claims of plain error are reviewed under a two-prong standard. In the first prong, we determine whether there is, indeed, plain error, which is error that is evident, obvious, and clear. If so, then we look to the second prong of the analysis, which considers whether a manifest injustice or miscarriage of justice has, indeed, occurred as a result of the error. A criminal defendant seeking plain error review bears the burden of showing that plain error occurred and that it resulted in a manifest injustice or miscarriage of justice. The outcome of plain error review depends heavily on the specific facts and circumstances of each case.

*State v. Ray*, 407 S.W.3d 162, 170 (Mo. App. E.D. 2013) (internal citations and quotations omitted).

## Discussion

Rule 23.01(b)(3) requires a charging instrument to "[s]tate the date and place of the offense charged as definitely as can be done." A defendant may challenge a charging instrument through a motion for a bill of particulars under Rule 23.04, which states:

> When an indictment or information alleges the essential facts constituting the offense charged but fails to inform the defendant of the particulars of the offense sufficiently to prepare a defense, the court may direct or permit the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

The purpose of a bill of particulars is to clarify the charging document. *State v. Larson*, 941 S.W.2d 847, 851 (Mo. App. W.D. 1997). "It prevents surprise and restricts the state to what is set forth in the bill." *Id.* (citation omitted). "The bill of particulars is

not intended to make the state reveal for the defendant the details of the evidence on which it seeks to establish its case."

In response to Celis-Garcia's first motion for a bill of particulars, the State filed a three-page bill of particulars, stating in pertinent part:

> 1.      All charged events occurred between January 1, 2005 and April 4, 2006.  During the charged time period, victim K.J. was between the ages of 6 and 8 years of age; victim C.J. was between 4 and 6 years of age.
> 2.      Defendants[3] have been made aware of the identities of C.J. and K.J.
> 3.      All charged events occurred at 325 North Benton Avenue in the City of Marshall, Saline County, Missouri, or in the shed located on the property west of, and adjoining 325 North Benton Avenue in the City of Marshall.
> 4.      Defendants are charged with acting in concert in the commission of all offenses.  The State expects the evidence to be that the victims are unable to determine which defendant touched the victim on which occasion.
> 5.      As set forth in the Superseding Indictment, the charged events occurred as follows:
> a)      Count I, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his hand and/or her hand on the genitals of C.J., in the bedroom of Maura L. Celis-Garcia.
> b)      Count II, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of K.J., in the bedroom of Maura L. Celis-Garcia.
> c)      Count III, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of C.J., in the "cold" room.[4]
> d)      Count IV, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of K.J., in the "cold" room.
> e)      Count V, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of C.J., in the bedroom of Maura L. Celis-Garcia, while C.J. was in handcuffs.

---

[3] At that time, Flores, Celis-Garcia's boyfriend, was a co-defendant.

[4] In *Celis-Garcia*, 344 S.W.3d at 153, and in the evidence at trial, the "cold" room is referred to as the enclosed back porch.

6

f) Count VI, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of K.J., in the bedroom of Maura L. Celis-Garcia, while K.J. was in handcuffs.

g) Count VII, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of C.J., in the shed.

h) Count VIII, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of K.J., in the shed.

i) Count IX, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of C.J., after removing C.J. from the bathroom.

j) Count X, Statutory Sodomy in the First Degree, occurred when one or both defendants placed his and/or her hand on the genitals of K.J., after removing K.J. from the bathroom.

k) Count XI, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of K.J., in the bedroom of Maura L. Celis-Garcia.

l) Count XII, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of K.J., after removing K.J from the bathroom.

m) Count XII, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of K.J., after removing K.J. from the bathroom.[5]

n) Count XIII, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of C.J., after removing C.J. from the bathroom.

o) Count XIV, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of K.J., in the shed.

p) Count XV, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of K.J., in the "cold" room.

q) Count XVI, Child Molestation in the First Degree, occurred when one or both defendants placed his and/or her hand on the breasts of C.J., in the "cold" room.

r) Count XVII, Statutory Rape in the First Degree, occurred when defendant Jose F. Flores had sexual intercourse with C.J. in the bedroom of Maura L. Celis-Garcia.

---

[5] It appears Count XII was repeated in subsections l) and m) as a formatting error.

7

Additionally, the bill of particulars advised:

> In formulating this Bill of Particulars, the State reviewed and relied on the following documents: (a) affidavits of Ellen Walls, Todd Reeter, Patricia Ratliff, and Stephanie Dierker, all of which were considered by the Court in its findings under § 491.075, RSMo.,[6] and its provisions related to out-of-court statements attributed to both victims; (b) Transcript of the 491 hearing in this cause; (c) September 2007 trial transcript; (d) November 2007 trial transcript; (e) Victims' pretrial deposition testimony conducted under the Court's supervision; and (f) Childsafe video interviews of both victims. Each of the foregoing documents were and are available to defense counsel.
>
> It is impossible to be more specific as to which day these offenses occurred within the time frame charged within the Superseding Indictment for the reason that the victims do not know on which exact date the charged offenses occurred. ***Time is not of the essence so long as the happening of the offense is within the limitations period***.

(Emphasis added.)

The State's comment in its response to Celis-Garcia's first motion for a bill of particulars that "time is not of the essence" in these cases is accurate. Courts have long held that "[t]ime is not essential in child sexual abuse cases because it can be impossible to ascertain specific dates of the sexual abuse." *State v. Miller*, 372 S.W.3d 455, 464 (Mo. banc 2012) (numerous citations omitted). *See also* § 545.030.1(5) ("[n]o indictment or information shall be deemed invalid . . . for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense . . . ."). Although the charging instrument "must be specific enough [as to the timing of the alleged offense or offenses] to ensure notice to the defendant, assurance against double jeopardy, and reliability of a unanimous verdict," *Miller*, 372 S.W.3d at 465 (citation omitted), "the state is not confined in its evidence to the precise date [or dates] stated in

---

[6] That statute is discussed, *infra*, at Point III.

8

the information, but may prove the offense to have been committed any day prior to the date of the information and within the period of limitation." *State v. Sexton*, 929 S.W.2d 909, 917 (Mo. App. W.D. 1996) (citations omitted).

The reason for leeway in cases charging sexual abuse and sexual intercourse with minors is that "children who are victims of abuse may find it difficult to recall precisely the dates of offenses against them months or even years after the offense has occurred." *State v. Hoban*, 738 S.W.2d 536, 541 (Mo. App. E.D. 1987). Were that not the rule, a "defendant would simply have to make the assertion of alibi in order to escape prosecution once it became apparent that a child was confused with respect to the date of sexual assault." *Id.* (citation omitted). As such, in these cases, the "trier of fact should be allowed to weigh the witness's inability to specify the exact day and time of the alleged crime, and the subsequent inability of the defendant to establish an alibi defense over so long a period of time, in determining whether the defendant is guilty beyond a reasonable doubt." *Id.* at 541-42 (citation omitted).

While it is true that the State did not allege specific dates, it did provide an eighteen-month range for an information that included seventeen charges against two victims and activity that was alleged to be in concert with another defendant. There is no contention that the State filed an information that purported to charge Celis-Garcia with specific conduct during a specific period of time and then secured a conviction during a substantially different period of time so as to constitute reversible error. *See Miller*, 372 S.W.3d at 465. Additionally, although Celis-Garcia complains broadly on appeal that the time frame did not allow for an alibi defense, she did not assert an alibi defense at trial

9

nor did she otherwise allege or establish prejudice. Finally, given that this was Celis-Garcia's third trial and given that the bill of particulars cited to, *inter alia*, trial documents from the second trial that were available to Celis-Garcia, we see no violation of Celis-Garcia's rights to due process, to be informed of charges against her, to present a defense, and to a fair trial. To the extent that we might consider the trial court's failure to rule on the motion to be a denial of the motion, we see no error, plain or otherwise.[7]

This point is denied.

## Point II

In her second point, Celis-Garcia argues that the trial court plainly erred in admitting the testimony of K.J. and C.J. in the form of a videotaped deposition taken pursuant to section 491.680. She argues that at the deposition and the first trial, Celis-Garcia and then-co-defendant Flores "were both represented by previous counsel, who could not take a position during the deposition in favor of Celis-Garcia and adverse to Flores, thus abandoning his duty of loyalty to Celis-Garcia and creating a conflict of interest so fundamental that it could not be waived." She accordingly contends that the admission of the deposition testimony of K.J. and C.J. at trial violated her rights to due process, representation by effective and conflict-free counsel, and a fair trial.

---

[7] Had the issue been properly preserved, we would have reviewed for an abuse of discretion. "The denial of a motion for a bill of particulars will not be disturbed unless there has been an abuse of discretion by the trial court." *State v. Adams*, 229 S.W.3d 175, 183 (Mo. App. S.D. 2007) (quoting *State v. Sprinkle*, 122 S.W.3d 652, 658 (Mo. App. W.D. 2003)). A trial court abuses that discretion when the denial of the motion results in the defendant being insufficiently informed of the necessary factual details of the offense to prevent an adequate preparation of a defense. *Adams*, 229 S.W.3d at 183 (citation omitted). Generally speaking, an "abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *State v. Peal*, 393 S.W.3d 621, 625 (Mo. App. W.D. 2013) (internal citations and quotations omitted). "Even if the trial court abuses its discretion, the defendant still must show he was prejudiced by denial of that motion." *Sprinkle*, 122 S.W.3d at 658. Based on our review of the record, Celis-Garcia's point would likewise be denied under the less restrictive abuse of discretion standard of review.

10

Before the first trial, in 2007, the trial court granted the State's motion to order a video recording of the depositions of K.J. and C.J.  At that time, Celis-Garcia and Flores were co-defendants and at that time were represented by the same attorney.  In 2012, in a pre-trial hearing prior to the trial in the case at bar, the trial court overruled a defense motion to reconsider the use of the videotaped depositions.  In her pre-trial motion to reconsider the admissibility of the depositions, Celis-Garcia did not argue that they should be excluded because she and Flores were represented by the same attorney at the time that the depositions were taken.  Celis-Garcia made no objection at trial and did not raise the matter in her motion for a new trial.  She additionally never made a request for new depositions of the children for any reason, including for new evidence.

## Standard of Review

Celis-Garcia does not contest that this point is unpreserved and accordingly requests plain-error review pursuant to Rule 30.20.  As noted above, "[n]on-preserved issues are reviewed for plain error, if the error resulted in manifest injustice or a miscarriage of justice." *Taylor*, 298 S.W.3d at 491.

## Discussion

Pursuant to section 491.680.1, "[i]n any criminal prosecution under the provisions of chapter 565, 566 or 568 involving an alleged child victim, upon the motion of the prosecuting attorney, the court may order that an in-camera videotaped deposition of the testimony of the alleged child victim be made for use as substantive evidence at preliminary hearings and at trial."  The statute requires that a trial court find, "at a hearing, that significant emotional and psychological trauma to the child which would

11

result from testifying in the personal presence of the defendant exists," making the child unavailable as a witness. § 491.680.2. The statute also provides, *inter alia*, that the attorney for the defendant "shall have at least two opportunities to cross-examine the deposed alleged child victim: once prior to the preliminary hearing and at least one additional time prior to the trial." § 491.680.5.

In our review of Celis-Garcia's argument, we note that issues involving the right to advice from conflict-free counsel may be properly raised in post-conviction proceedings. To prove a conflict of interest in an action seeking post-conviction relief for ineffective assistance of counsel, "something must have been done by counsel or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." *Conger v. State*, 356 S.W.3d 217, 221 (Mo. App. E.D. 2011) (citations omitted). Celis-Garcia here claims that prejudice from the trial court's action of admitting the evidence on the ground that she was represented at the time by an attorney who had a conflict of interest. The arguments she raises relate almost exclusively to constitutional notions of fair representation under the Sixth Amendment to the U.S. Constitution and the Rules of Professional Responsibility. Therefore, to the extent Celis-Garcia's claim is for ineffective assistance of counsel due to a conflict of interest, it is not cognizable here. *State v. Whitley*, 408 S.W.3d 305, 310 (Mo. App. E.D. 2013) (citation omitted).

To the extent Celis-Garcia requests plain error review in the context of the admission of evidence, we note that it is undisputed that the depositions of K.J. and C.J. were conducted in compliance with section 491.680. There is no assertion that the

12

witnesses against Celis-Garcia were not subject to cross-examination or that there was any other procedural irregularity or violation of the statute. Rather, Celis-Garcia raises only bare assertions relating to her previous trial counsel's loyalties. Celis-Garcia further fails to allege anything specific that was done by counsel or anything specific that was forgone by counsel, which was detrimental to her interests or advantageous to her prior co-defendant. Accordingly, we see no manifest injustice or miscarriage of justice.

This point is denied.

## Point III

In her third point, Celis-Garcia asserts plain error and abuse of discretion in the admission of the testimony of several witnesses and the videotaped forensic interview of K.J. She argues that the testimony of four witnesses as to statements K.J. made about alleged offenses and the videotape of the ChildSafe forensic interview of K.J. were inadmissible as substantive evidence under sections 491.075 and 492.304 and that the admissions "violated Celis-Garcia's rights to due process, confrontation and cross-examination, and a fair trial" in that K.J. was not a child at the time of the trial.

## Standard of Review

Celis-Garcia concedes that she did not object to K.J.'s hearsay statements on the basis asserted on appeal and did not raise the issue in her motion for a new trial. As set out above, we review asserted plain error for a "manifest injustice or a miscarriage of justice." *Taylor*, 298 S.W.3d at 491.

13

**Discussion**

Under section 491.075.1, a "statement made by a child under the age of fourteen, or a vulnerable person, relating to an offense under chapter 565, 566, 568 or 573, performed by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted" under certain circumstances. Additionally, under section 492.304.1, "the visual and aural recording of a verbal or nonverbal statement of a child when under the age of fourteen who is alleged to be a victim of an offense under the provisions of chapter 565, 566 or 568" is admissible under certain circumstances.

The crux of Celis-Garcia's argument is that the trial court plainly erred in admitting the statements of several witnesses who testified about K.J.'s statements as well as in admitting K.J.'s videotaped statements because K.J.'s age exceeded fourteen under sections 491.075 and 492.304. In short, Celis-Garcia asserts error because of K.J.'s age *as of Celis-Garcia's third trial*, not at the time she made the statements in question when she was indisputably under the age of fourteen.

However, this court recently rejected this same argument. We held that both 491.075 and 492.304 "are clear and unambiguous that the relevant time frame called into question is how old the victim was when the statement in question is made." *State v. Gaines*, 342 S.W.3d 390, 396 (Mo. App. W.D. 2011). In *Gaines*, we analyzed the language of both statutes and noted that neither statute "speak[s] of the age of the victim during the defendant's trial, but rather clearly states that it only pertains to how old the victim was 'when' the child 'made' the out-of-court statement." *Id.* Our holding was

14

supported by precedent indicating that "a policy determination by the legislature that in some child abuse cases, the victim's out-of-court statements may be more reliable than the child's testimony at trial, which may suffer distortion by the trauma of the courtroom setting or become contaminated by contacts and influences prior to trial." *Id.* (internal quotations and citations omitted.)

Celis-Garcia has not asserted any argument indicating that *Gaines* is not applicable here, nor has she otherwise persuaded us of "manifest injustice" or a "miscarriage of justice" resulted from the admission of this testimony in this matter. Subsequent to the statements made by K.J. to these witnesses, Celis-Garcia had the opportunity to cross-examine her regarding these statements during her video-taped deposition. *State v. Perry*, 275 S.W.3d 237, 242 (Mo. banc 2009).

This point is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
Gary D. Witt, Judge

All concur