**Maurice JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 104331

Missouri Court of Appeals, Eastern District, **DIVISION FOUR.**

Filed: May 9, 2017

Lisa M. Stroup, St. Louis, MO, for appellant.

Joshua Hawley, Mary Highland Moore, Jefferson City, MO, for respondent.

## OPINION

James M. Dowd, Presiding Judge

Maurice L. Jones was convicted by a jury of first-degree burglary, kidnapping, second-degree domestic assault, and third-degree domestic assault arising out an argument with his girlfriend, A.W. ("Victim"). The argument escalated when Jones broke into Victim's sister's apartment, beat Victim, and dragged her to his car where he continued to assault her as he drove until she escaped and flagged down the police for help. Jones was sentenced to concurrent terms of imprisonment totaling eighteen years. His convictions were affirmed on direct appeal in *State v. Jones,* 440 S.W.3d 591 (Mo.App.E.D. 2014).

Jones now appeals the denial of his Rule 29.15 [1] motion for post-conviction relief following an evidentiary hearing. Jones alleges four claims of ineffective assistance of counsel. In his first point on appeal, Jones contends that appellate counsel should have challenged on direct appeal the sufficiency of the evidence for his first-degree burglary conviction because the State failed to prove that his entry into Victim's sister's apartment was unlawful. In his second, third, and fourth points, Jones asserts that trial counsel should have endorsed, subpoenaed, and called witnesses Adrian Dansbury, Antonio Thompson, and Reva Thompson. Finding no clear error, we affirm.

## Standard of Review

■ Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo.banc 2006). Findings and conclusions are clearly erroneous if after a review of the entire record we are left with the definite and firm impression that a mistake has been made. *Id.* We presume that the motion court's findings are correct. *Id.*

## Discussion

### A. Jones's amended motion was timely.

■ Before addressing the merits, we must first determine whether Jones's amended motion was timely. *See Moore v. State,* 458 S.W.3d 822 (Mo.banc 2015). The State contends that because there is nothing in the record to indicate when counsel was appointed and therefore when the amended motion was due, this case should be remanded to the motion court to determine whether the amended motion was timely.

■ Rule 29.15(g) states that if an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and (1) counsel is appointed, or (2) an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. The court is permitted to extend the time for filing once, for a period not to exceed 30 days. Thus, the time limit to file an amended motion in a post-direct appeal case is controlled by the date of the initial appointment of counsel or of an unappointed counsel's entry of appearance, whichever comes first. *Stanley v. State,* 420 S.W.3d 532, 541 (Mo.banc 2014).

This court's mandate was issued on October 3, 2014. On November 3, 2014, Jones's *pro se* Rule 29.15 motion was time-

1. All references to rules are to the Missouri Supreme Court Rules (2016).

ly filed. To file such a motion, Rule 29.15(b) provides 90 days after the date the mandate of the appellate court is issued. On December 22, 2014, an attorney from the public defender's office filed her entry of appearance on behalf of Jones and filed a motion pursuant to Rule 29.15(g) for additional time to file Jones's amended motion. On February 5, 2015, the court granted the motion for additional time. On March 23, 2015, Jones's amended motion was filed.

To determine whether Jones's amended motion was timely filed, we must determine when the time to file it began to run. The Missouri Supreme Court recently issued its decision in *Creighton v. State*, No. SC95527, 520 S.W.3d 416, 2017 WL 1496952 (Mo.banc April 25, 2017), which addresses the timelines of amended post-conviction relief motions and controls our analysis. In *Creighton*, the Court held that a public defender who has not been appointed but who enters an appearance unquestionably qualifies as "any counsel that is not appointed but who enters an appearance on behalf of movant." 520 S.W.3d at 422, 2017 WL 1496952, at *4 (quoting Rule 29.15(g)). Thus, the Court held that the time limit applicable to the filing of an *amended* Rule 29.15 motion commenced in that case when the movant's public defender entered his appearance. 520 S.W.3d at 421, 2017 WL 1496952.

We find that *Creighton* is directly on point, and we hold that the entry of appearance filed by the public defender on December 22, 2014 triggered the commencement of the 60–day time limit for Jones to file his amended Rule 29.15 motion. Thus, Jones initially had until February 20, 2015, to file his amended motion. When the court granted Jones's motion for

an additional 30 days as permitted by Rule 29.15(g), the due date for Jones's amended motion became March 23, 2015.[2] Thus, Jones's amended motion filed on March 23, 2015 was timely.

We find that our holding is supported also by *Laub v. State*, 481 S.W.3d 579 (Mo.App.S.D. 2015), which decision the Missouri Supreme Court found supported its conclusion in *Creighton*. In *Laub*, 481 S.W.3d at 582, the movant timely filed a *pro se* Rule 29.15 motion on April 1, 2014, and the trial court on April 11, 2014 notified the public defender's office via letter that the movant had filed a *pro se* motion. The letter stated that that court was not at that time appointing the public defender's office, but requested that the public defender's office assign an attorney as soon as possible. *Id.* On April 18, 2014, the motion court made the following docket entry: "PD office notified and will enter appearance when workload permits." *Id.* On June 25, 2014, an attorney from the public defender's office entered his appearance on behalf of the movant and moved to extend the time to file the amended motion from 60 days to 90 days. *Id.* The same day, the motion court granted the motion. *Id.* An amended motion was filed on September 23, 2014, which was within 90 days of the unappointed public defender's June 25, 2014 entry of appearance. *See id.*

On appeal, the State argued that the movant's motion was untimely because the April 11, 2014 letter sent by the court to the public defender's office served as a *de facto* appointment that triggered the time limit for the filing of the amended motion. 481 S.W.3d at 584. The court of appeals disagreed, noting that the letter expressly stated that the motion court was not ap-

---

**2.** Although 30 days from February 20, 2015 was not March 23 but March 22, 2015, by operation of Rule 44.01(a) the due date became March 23 because March 22 was a Sunday.

pointing the public defender to represent the movant. *Id.* The court observed that while Rule 29.15(e) provides that "[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for movant[,]" the rule does not provide any specific time within which that must be done. *Id.* Accordingly, the court found that Rule 29.15(g)'s initial 60–day period in which to file an amended motion began to run on the date post-conviction counsel entered an appearance, and that because an initial 30–day extension was granted, the amended motion was timely. *Id.* at 585.

## B. The motion court did not clearly err in denying Jones's claim of ineffective assistance of appellate counsel.

In his first point on appeal, Jones claims that appellate counsel was ineffective for failing to challenge on direct appeal the sufficiency of the evidence for his first-degree burglary conviction because the State failed to prove that his entry into Victim's sister's apartment was unlawful. In support, he argues that there was evidence that he lived there and therefore entered the apartment lawfully. The motion court denied this claim based on Victim's testimony that Jones did not live at the apartment.

To prevail on a claim of ineffective assistance of appellate counsel, the movant must show that his appellate counsel failed to raise a claim of error that a competent and effective lawyer would have recognized and asserted. *Tisius v. State*, 183 S.W.3d 207, 215 (Mo.banc 2006). The movant must also show that the claimed error was sufficiently serious to create a reasonable probability that had it been raised, the outcome of the appeal would have been different. *Id.*

The only element of the first-degree burglary conviction that Jones challenges is that his entry into Victim's sister's apartment was unlawful. § 569.160.1.[3] An unlawful entry occurs when a person enters without a license or privilege to do so. *State v. Whitley*, 408 S.W.3d 305, 309 (Mo.App.E.D. 2013). When a defendant challenges the sufficiency of the evidence to support a conviction, we review the evidence in the light most favorable to the State. *Id.*

The motion court did not clearly err in finding that Jones did not carry his burden of demonstrating that appellate counsel failed to raise a claim of error that a competent and effective lawyer would have recognized and asserted. Indeed, at the evidentiary hearing, appellate counsel testified that he specifically considered raising this sufficiency-of-the-evidence argument, but ultimately decided not to after he researched the issue, discussed it with other attorneys in his office, and concluded that it would not be viable on appeal.

A review of the record supports appellate counsel's assessment of the issue and the motion court's ruling. As the motion court found, the evidence at trial contradicted Jones's assertion that he entered Victim's sister's apartment lawfully. Victim testified that she lived at her sister's apartment with her sister's family, and when asked if anyone else lived there, she said no. While Victim later contradicted herself by testifying that Jones was living with her at the time of the incident, we must review the evidence in the light most favorable to the verdict. Thus, there was sufficient evidence for the trial court to conclude that Jones did not live at Victim's sister's apartment.

Moreover, even if there may have been some evidence that at some point Jones

---

**3.** All references to statutes are to RSMo 2000 unless otherwise indicated.

had a license or privilege to enter Victim's sister's apartment, the record shows that at the time of these crimes Jones no longer had any such license or privilege. Victim and Jones got into an argument outside of Victim's sister's apartment. Victim ran into the apartment and locked Jones out. Jones kicked in the door and began beating Victim inside the apartment. Jones forcefully removed Victim from the apartment by grabbing her by the throat and dragging her to his car. The jury heard four 911 calls, including Victim's 911 call as Jones was kicking in the door, and Victim's sister's 911 call made after Jones entered the apartment.

Not only does this evidence show that Jones lacked any license or privilege to enter Victim's sister's apartment at the time of his offenses in this case, it also demonstrates that there certainly was sufficient evidence to show that Jones's entry into the apartment was unlawful. Indeed, this case is like *Whitley*, in which this Court found the evidence sufficient to show that the appellant had entered his friend's house unlawfully—moreover, that any license or privilege that the appellant may have had to enter had been extinguished—where appellant left the house following an argument, returned with a gun, and kicked the door in before shooting the victim. 408 S.W.3d at 309.

We hold therefore that Jones has failed to show that a competent and effective lawyer would have recognized and asserted such a dubious sufficiency-of-the-evidence argument, and that Jones has not shown a reasonable probability that the outcome would have been different, given that the evidence overwhelmingly refutes that Jones lawfully entered Victim's sister's apartment. The motion court did not clearly err in denying this ineffective-assistance claim. Point I is denied.

## C. The motion court did not clearly err in denying Jones's claims of ineffective assistance of trial counsel.

In his second, third, and fourth points on appeal, Jones claims his trial counsel was ineffective for failing to endorse, subpoena, and call witnesses Adrian Dansbury, Antonio Thompson, and Reva Thompson. Jones claims Dansbury's testimony would have established that he did not assault Victim; that Antonio Thompson's testimony would have established that Victim was with him by consent and was not kidnapped on the day in question; and that Reva Thompson's testimony would have shown that the reason Victim did not get out of the car when Jones and Victim went to Reva Thompson's house, was not because Victim had been kidnapped, but was because Victim was not welcome in Reva's house. The motion court denied these claims, finding that none of these witnesses' testimony would have provided a viable defense. We agree.

To prove ineffective assistance of trial counsel, the movant must satisfy the following two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo.banc 2009). The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. *Id* at 176. To satisfy the second prong, the movant must show that there was a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If either the performance or the prejudice prong is not met, we need not consider the other and the claim of ineffective assis-

tance must fail. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo.banc 1997).

To prove a claim of ineffective assistance for failing to investigate and call a witness, the movant must plead and show the following: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. *Johnson v. State*, 406 S.W.3d 892, 908 (Mo.banc 2013). Trial counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless a movant clearly establishes otherwise. *Id.*

At the evidentiary hearing, trial counsel testified that he met with Jones before trial and they went over the facts of the case. Counsel stated that Jones gave him the names of witnesses, he interviewed those witnesses, and he endorsed the witnesses for trial that he believed would be possibly beneficial to Jones's case. He testified that according to his notes he was never given Adrian Dansbury's or Reva Thompson's name, but was given Antonio Thompson's name. Counsel stated that he interviewed Antonio Thompson, but that he recorded in his notes that Antonio's testimony would not be helpful to Jones's case. Counsel further testified that it was not his practice to call unhelpful witnesses to testify.

The motion court did not clearly err in denying Jones's claims of ineffective assistance of trial counsel because Jones has failed to overcome the presumption that counsel's failure to endorse, subpoena, and call these witnesses was a matter of reasonable trial strategy. Counsel's testimony alone establishes that he did not know and Jones did not tell him about Dansbury or Reva Thompson, and that he did not en-dorse, subpoena, or call Antonio Thompson as a witness specifically because he did not believe Antonio's testimony would be helpful to Jones's case.

Moreover, the motion court did not clearly err when it found that none of these witnesses' testimony would have provided Jones a viable defense. All three testified at the evidentiary hearing. Dansbury testified that she did not arrive at Victim's sister's apartment until after the police had arrived and was not present during any of the assaults by Jones. Thus, her testimony would not have provided Jones with a viable defense to the assault charges. Antonio Thompson testified that he did not see anybody else with Jones when Jones came by his home on the day of the incident. Accordingly, Antonio's testimony at trial would not have shown that Victim was with Jones then by consent. Finally, Reva Thompson testified that she did not recall Jones coming to her home on the day in question. Therefore, her testimony that Victim generally was not allowed in her home would not have provided Jones with a defense that Victim was with him by consent and that she was not kidnapped on the day in question. The motion court did not clearly err in finding that none of these witnesses' testimony would have produced a viable defense. Points II, III, and IV are denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the motion court.

Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J., concur.