

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| XAVIER PERKINS, | ) | No. ED111285 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2022-CC09684 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Christopher E. McGraugh |
| | ) | |
| Respondent. | ) | Filed: December 12, 2023 |

### Introduction

Xavier Perkins appeals the motion court's judgment denying his amended Rule 29.15 motion for post-conviction relief following an evidentiary hearing. [1] In his sole point on appeal, Perkins argues the motion court erred in denying his amended motion because trial counsel was ineffective for failing to call a witness to support his alibi at trial. We affirm the judgment of the motion court.

### Factual and Procedural Background

Following a jury trial, Perkins was convicted of one count of murder in the first degree, one count of attempted robbery in the first degree, and two counts of armed criminal action. The evidence presented at trial was as follows.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

Perkins was living in an apartment complex in O'Fallon, Missouri, in September 2016. Also living in the same apartment complex were D.D., R.H., and L.C. Another person, T.F., was staying with Perkins. T.F. owned a pistol that he kept under his mattress in Perkins's apartment of which Perkins was aware. T.F. also owned a Chevrolet Cruze, which he often let Perkins and others borrow.

On the evening of September 12, 2016, Perkins, D.D., R.H., and L.C. borrowed T.F.'s car. The group picked up a fifth individual, J.S. and then drove around St. Louis, looking for marijuana and, as D.D. testified, "just doing dumb – dumb stuff," such as trying to steal cars.

D.D. was driving the car when he and the others saw Victim walking down the street. The group decided to rob Victim. D.D. stopped the car, and Perkins and J.S. got out and followed Victim down the street. L.C., who was still sitting in the car, heard Victim say, "God wouldn't want you to do this." He then heard a gunshot and turned in time to see Victim fall to the ground and Perkins standing near her body with a gun in his hand. L.C. watched J.S. run around the corner and then L.C. jumped out of the car and ran down the street. D.D. and R.H. remained in the vehicle, and D.D. watched Perkins return to the car, still holding the gun.

J.S. returned to the car and D.D. drove him home before the group went to look for L.C. D.D. located L.C. at a nearby gas station. D.D., L.C., R.H., and Perkins then drove around and smoked marijuana before returning to O'Fallon, Missouri. On the drive back, Perkins repeatedly asked L.C. if the two of them were "cool." L.C. asked Perkins where he had shot Victim, and Perkins told L.C., "I shot her in the chest." A couple of days after the shooting, Perkins told D.D. that he was the one who shot Victim, and if anyone in the group were to get caught, Perkins would say what happened and "free [them] up."

A few days later, L.C. became fearful after he saw a report of the murder on the news. L.C. told a high school classmate what he had witnessed. The classmate told the school's resource officer, who relayed the information to the homicide department investigating Victim's murder. This information led to the arrest of Perkins.

A jury found Perkins guilty as charged and he was sentenced to concurrent sentences of life in prison without the possibility of parole on the charge of first-degree murder and the accompanying armed criminal action, and ten years each on attempted first-degree robbery and the accompanying armed criminal action. This Court affirmed Perkins's conviction in *State v. Perkins*, 600 S.W.3d 838 (Mo. App. E.D. 2020).

On September 2, 2020, Perkins timely filed his *pro se* Rule 29.15 motion. Post-conviction counsel was appointed on September 8, 2020 and an amended motion was timely filed on January 6, 2021. In his motion, Perkins argued that trial counsel was ineffective for failing to investigate and call multiple witnesses to testify on his behalf at trial, including Perkins's girlfriend, S.T., whom Perkins alleged he was with at the time of the crime. The motion court granted Perkins's request for an evidentiary hearing.

Only trial counsel testified at the evidentiary hearing. Perkins's testimony was admitted by deposition. Post-conviction counsel subpoenaed S.T. to testify at the hearing but was unable to effectuate personal service upon her. The motion court granted a continuance so that S.T. could be deposed, but S.T. failed to appear for a deposition.

On November 18, 2022, the motion court entered its findings of facts and conclusion of law denying Perkins's motion. Perkins appeals.

**Standard of Review**

Appellate review of a judgment denying a Rule 29.15 motion for post-conviction relief is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019); Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015). The motion court's findings are presumed correct. *McLaughlin v. State,* 378 S.W.3d 328, 336–37 (Mo. banc 2012). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009).

**Discussion**

In his sole point, Perkins argues the motion court erred in denying his amended motion because trial counsel was ineffective for failing to investigate and call his girlfriend as a witness at trial to support his alibi. Specifically, Perkins asserts that counsel's failure to act as reasonably competent counsel deprived him of a viable alibi defense. Perkins alleges, but for counsel's failure, there is a reasonable probability that he would not have been convicted.

To succeed on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence facts, not mere conclusions, demonstrating: (1) counsel failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McLaughlin*, 378 S.W.3d at 337. If a movant fails to satisfy either element of the test, they are not entitled to relief. *Creighton v. State*, 520 S.W.3d 416, 422 (Mo. banc 2017).

"A movant must overcome the strong presumption that trial counsel's conduct was reasonable and effective." *Hosier v. State,* 593 S.W.3d 75, 81 (Mo. banc 2019) (*citing Davis v. State*, 486 S.W.3d 898, 906 (Mo. banc 2016) (internal quotations omitted)). "To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). "Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Id*. "It is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *Id*.

"Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hosier*, 593 S.W.3d at 81 (*quoting Davis*, 486 S.W.3d at 906).

To succeed on a claim of ineffective assistance of counsel for failure to investigate and call a witness at trial, the movant must show that: (1) counsel knew or should have known of the existence of the witness, (2) the witness could be located through a reasonable investigation, (3) the witness would testify, and (4) the testimony of the witness would have produced a viable defense. *Shockley*, 579 S.W.3d at 906. "Trial counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless a movant clearly establishes otherwise." *Jones v. State*, 519 S.W.3d 879, 885 (Mo. App. E.D. 2017).

In his deposition, Perkins testified that he informed trial counsel that S.T. would support his alibi that he was with her at her apartment at the time of the crime, and that he provided trial

counsel with S.T.'s recent address, business website, and criminal history, as she had recently been incarcerated. However, Perkins explained that that he lost contact with her during the pendency of his trial. Perkins stated that trial counsel informed him that S.T. would not be a credible witness on account of her criminal history. Perkins asserted that S.T. would have been willing to testify.

Trial counsel testified during the evidentiary hearing that Perkins initially informed him that he was not responsible for the murder of Victim and that S.T. would support his alibi that he was not at the scene of the crime that night. Trial counsel stated that Perkins gave him contact information for S.T. and that either he or his investigator attempted to contact her, but they were ultimately unsuccessful. Trial counsel testified that he would have made a decision on whether to call her as a witness at trial based on his determination of her credibility. Trial counsel testified that he and Perkins ultimately settled on a strategy to target one of the other passengers in the car as the shooter by destroying the credibility of the witnesses who identified Perkins as the shooter, therefore not pursuing an alibi defense theory.

Perkins has failed to meet his burden showing that trial counsel acted unreasonably in failing to call S.T. as a witness. While Perkins established that trial counsel was aware of S.T., Perkins did not prove that S.T. could have been reasonably located, would have been willing to testify, and that her testimony would have been beneficial to his defense. Indeed, trial counsel's testimony regarding his difficulties in contacting S.T. and post-conviction counsel's own failure to effectuate service upon S.T. to testify at the evidentiary hearing or give a deposition instead supports a finding that she could not have been reasonably located and that she would not have been willing to testify. *See Hollings v. State*, 662 S.W.3d 821, 830 (Mo. App. E.D. 2023); *see also Stewart v. State*, 640 S.W.3d 820, 825 (Mo. App. S.D. 2022). Finally, without S.T.'s

testimony on the matter, Perkins's claim that S.T. would have corroborated his alibi is insufficient to establish that such testimony would have been beneficial because "[m]ere conjecture or speculation about potential testimony is not sufficient to establish the required prejudice." *Id.* (citing *State v. Dees*, 916 S.W.2d 287, 302 (Mo. App. W.D. 1995)). A "[m]ovant's failure to introduce sufficient supporting evidence at the evidentiary hearing is fatal to his post-conviction claim." *Id.*

Therefore, because Perkins failed to meet his burden showing that trial counsel acted unreasonably, the motion court did not err in denying the motion. Point denied.

## Conclusion

For the reasons set forth above, the judgment of the motion court is affirmed.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

7